UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TODD BOUTIN,

        Petitioner,

v.   Case No. 05-C-0921

DAN BENIK, Warden,
Stanley Correctional Institution,

        Respondent.

**ORDER ON RULE 4 REVIEW**

On August 17, 2005, the petitioner, Todd Boutin ("Boutin"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For whatever reason, Boutin, who is a Wisconsin state prisoner, filed his petition in the United States District Court for the Northern District of Illinois. Consequently, that court transferred the action to the Eastern District of Wisconsin. The file was received by the Clerk of Court on August 29, 2005.

According to Boutin's petition (as supplemented by this court's independently checking his case history at the Wisconsin Court System web site), on November 6, 2002, he was convicted in the Fond du lac County Circuit Court of one count of 3rd degree sexual assault in violation of Wis. Stat. § 940.225(3). His conviction was based on his tendering an *Alford*[1] plea to the charge and being adjudged guilty by the court. He was thereafter sentenced to serve seven (7) years in prison and was further

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

sentenced to five (5) years of extended supervision. He is currently an inmate at the Stanley Correctional Institution, of which Dan Benik is warden.[2]

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

As best as the court can glean from Boutin's petition (as supplemented by a review of the Wisconsin Court of Appeals' September 1, 2004 opinion and order affirming Boutin's judgment of conviction), Boutin seems to claim that his *Alford* plea was not supported by "strong proof of guilt," and that therefore he should have been allowed to withdraw his plea. Whether such a claim would support a petition for federal habeas corpus relief is questionable. *See Higgason v. Clark*, 984 F.2d 203, 203 (7th Cir. 1992) ("'Strong evidence of guilt' may suffice to sustain a conviction on an *Alford* plea, and may be essential under Rule 11, but it is not necessary to comply with the Constitution."). However, Boutin may very well also be claiming that his plea was somehow involuntary.

Be that as it may, the bottom line is that I cannot say that it plainly appears from Boutin's petition that he is not entitled to relief in the district court. Consequently, the respondent will be ordered to file an answer to Boutin's petition. After the court has had an opportunity to review the respondent's answer,

---

[2] Boutin's habeas corpus petition names Judge Robert J. Wirtz as the respondent. However, Judge Wirtz is not the proper respondent in this habeas proceeding. Judge Wirtz is the circuit court judge who sentenced Boutin. But, he is not Boutin's custodian. That role belongs to Dan Benik, who is the warden of the Stanley Correctional Institution. Accordingly, the court has *sua sponte* amended the caption to reflect the same.

it will set a briefing schedule on the issues raised in the petition, if it deems such briefing to be necessary and appropriate.

**NOW THEREFORE IT IS ORDERED** that <u>on or before October 14, 2005</u>, the respondent shall file an answer to the petition.

**SO ORDERED** this <u> 30th </u> day of August 2005, at Milwaukee, Wisconsin.

>/s/ William E. Callahan, Jr.
>WILLIAM E. CALLAHAN, JR.
>United States Magistrate Judge